IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAWN A., <br><br>                      Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] <br><br>                      Defendant. | MEMORANDUM DECISION AND ORDER <br><br><br> Case #4:21-cv-00034-PK <br><br> Magistrate Judge Paul Kohler |

        This matter comes before the Court on Plaintiff Dawn A.'s appeal from the decision of the Social Security Administration denying her application for supplemental security income. The Court will affirm the administrative ruling.

## I. STANDARD OF REVIEW

        This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether their findings are supported by substantial evidence and whether the correct legal standards were applied.[2] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[3] The ALJ is required to consider all of the evidence, although they are not required to discuss all of the evidence.[4] If

---

[1] Pursuant to Fed. R. Civ. P. 25(d) and the last sentence of 42 U.S.C. § 405(g), Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

[2] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[3] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[4] *Id.* at 1009–10.

supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.[5] The Court should evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[6] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[7]

## II. BACKGROUND

A. PROCEDURAL HISTORY

In November 2018, Plaintiff filed an application for supplemental security income, alleging disability beginning on November 2, 2017.[8] Plaintiff's claim was denied initially and upon reconsideration.[9] Plaintiff then requested a hearing before an ALJ, which was held on June 2, 2020.[10] The ALJ issued a decision on July 1, 2020, finding that Plaintiff was not disabled.[11] The Appeals Council denied Plaintiff's request for review on January 28, 2021,[12] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[13]

On May 6, 2021, Plaintiff filed her complaint in this case.[14] On June 4, 2021, both parties consented to a United States Magistrate Judge conducting all proceedings in the case,

---

[5] *Richardson*, 402 U.S. at 390.
[6] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).
[7] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).
[8] R. at 162–70.
[9] *Id.* at 53, 65.
[10] *Id.* at 29–52.
[11] *Id.* at 9–26.
[12] *Id.* at 1–6.
[13] 20 C.F.R. § 422.210(a).
[14] Docket No. 3.

including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[15]  The Commissioner filed an answer and the administrative record on August 2, 2021.[16]

Plaintiff filed her Opening Brief on October 13, 2021.[17]  The Commissioner's Answer Brief was filed on December 15, 2021.[18]  Plaintiff filed her Reply Brief on December 28, 2021.[19]

B.     MEDICAL HISTORY

Plaintiff alleges disability because of hand/wrist/arm problems and back pain.[20]  Plaintiff has received various treatments for her back pain, including injections, radiofrequency neurotomy, pain relievers, and physical therapy.  While some treatments had some temporary success, Plaintiff continued to complain of and seek treatment for pain.

Plaintiff's treating physician—Cole W. Robinson, M.D.—completed a Physical Assessment form on December 1, 2018.[21]  Dr. Robinson opined that Plaintiff's symptoms would frequently interfere with the attention and concentration required to perform simple work-related tasks.  He opined that Plaintiff would need to recline or lie down during the day, and she would need to take two unscheduled breaks of approximately 15 to 30 minutes every day.  Dr. Robinson also opined that Plaintiff could walk two to three blocks without rest or significant

---

[15] Docket No. 10.
[16] Docket Nos. 12, 13.
[17] Docket No. 17.
[18] Docket No. 21.
[19] Docket No. 22.
[20] R. at 187.
[21] *Id.* at 378–79.

pain, and she could sit for three hours a day and stand/walk for two. Lastly, Dr. Robinson stated that Plaintiff would likely be absent from work three or four times per month because of her impairments.

C.     HEARING TESTIMONY

At the hearing before the ALJ, Plaintiff explained that her back pain made standing for long periods of time difficult.[22] She further explained that she has to take frequent breaks to sit or lie down.[23] Plaintiff testified that she could stand and sit for approximately 30 to 45 minutes at a time before needing to reposition herself.[24] Plaintiff also stated that she is able to wash the dishes, do her laundry, sweep and mop, cook dinner, and go grocery shopping.[25] However, she explained that she gets help on these tasks from her children and boyfriend.[26]

D.     THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of November 2, 2017.[27] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease, sacroiliitis, myalgia, chronic pain syndrome, and carpal tunnel syndrome.[28] At step three, the ALJ found

---

[22] *Id.* at 38.
[23] *Id.*
[24] *Id.* at 40.
[25] *Id.* at 41.
[26] *Id.*
[27] *Id.* at 14.
[28] *Id.*

that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.[29]  The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with certain limitations.[30]  At step four, the ALJ determined that Plaintiff had no past relevant work.[31]  At step five, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform and, therefore, she was not disabled.[32]

## III.  DISCUSSION

Plaintiff argues that the ALJ erred in her evaluation of Dr. Robinson's physical assessment.  For applications filed on or after March 27, 2017, an ALJ is not required to defer to or give any specific weight to medical opinions or prior administrative medical findings.[33]  Rather, the ALJ considers them using the criteria in 20 C.F.R. § 404.1520c(c): (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors tending to support or contradict a medical opinion or prior administrative medical finding.  The most important criteria for determining persuasiveness are the supportability and consistency.[34]  "For supportability, the strength of a medical opinion increases as the relevance of the objective medical evidence and explanations presented by the medical source increase."[35]

---

[29] *Id.* at 15.

[30] *Id.* at 15–20.

[31] *Id.* at 20.

[32] *Id.* at 20–21.

[33] 20 C.F.R. § 404.1520c(a).

[34] *Id.* § 404.1520c(a), (b)(2).

[35] *John H. v. Saul*, No. 2:20-CV-00255-JCB, 2021 WL 872320, at *4 (D. Utah Mar. 8, 2021) (internal quotation marks and citation omitted).

"Consistency, on the other hand, is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record."[36]

The ALJ must articulate "how persuasive [he or she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record."[37] The ALJ must explain how he or she considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings, but is generally not required to explain how he or she considered other factors.[38] Social Security Ruling 96-8p emphasizes that "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." "The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence."[39]

The ALJ found that the limitations reported by Dr. Robinson in the physical assessment were not "entirely persuasive."[40] The ALJ found that Dr. Robinson's opinions were "not consistent with or supported by the longitudinal medical evidence of record, including Dr. Robinson's own treatment notes, and with the claimant's high activity level . . . ."[41] With regard to the medical evidence, the ALJ noted that an MRI of Plaintiff's lumbar spine showed only mild

---

[36] *Id.*

[37] 20 C.F.R. § 404.1520c(b).

[38] *Id*. § 404.1520c(b)(2).

[39] SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996); *see also Givens v. Astrue*, 251 F. App'x 561, 568 (10th Cir. 2007) ("If the ALJ rejects any significantly probative medical evidence concerning [a claimant's] RFC, he must provide adequate reasons for his decision to reject that evidence.").

[40] R. at 18.

[41] *Id.*

findings and that, while physical examinations have noted tenderness and limitations in range of motion, they have also generally noted normal strength, intact sensation, and normal gait.[42] As to Plaintiff's activity level, the ALJ found that Plaintiff "remains generally independent in her activities of daily living."[43] In support of this finding, the ALJ noted that Plaintiff was "able to attend to her personal care needs, prepare meals, care for her children, drive a car, sweep, mop, vacuum, do laundry, do dishes, go shopping with her boyfriend, walk outside with her children, read, crochet, do crafts, talk on the phone, watch history documentaries, and occasionally go out to eat with her family."[44] The ALJ also noted that Plaintiff was able to regularly attend medical appointments.[45] All of these statements are supported by record evidence and support the ALJ's conclusion that the extreme limitations opined by Dr. Robinson's was unpersuasive.

Plaintiff argues that the ALJ's treatment of Dr. Robinson's opinion is not supported by substantial evidence. Plaintiff makes a variety of arguments as to why the ALJ's conclusion was wrong but in doing so, she merely demonstrates that the record could support more than one conclusion. This does not mean that the ALJ's decision is not supported by substantial evidence.[46]

---

[42] *Id.*

[43] *Id.* at 19.

[44] *Id.*

[45] *Id.*

[46] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (alteration in original) (quotations and citations omitted)).

Plaintiff first argues that the ALJ's reliance on mild imaging findings, treatment notes finding generally normal strength and intact sensation, and consistent notations of normal gait is not probative of Plaintiff's pain level.  This argument misses the mark.  The ALJ acknowledged Plaintiff's pain, yet she relied on these generally mild findings to conclude that the medical evidence did not support the types of limitations opined by Dr. Robinson in his evaluation.

Plaintiff next argues that the ALJ failed to engage in a meaningful discussion of Dr. Robinson's treatment notes.  However, an ALJ is not required to discuss all of the evidence in the record.[47]  Moreover, a review of Dr. Robinson's treatment notes shows that Plaintiff sought treatment for pain with varying levels of success.  This presented the ALJ with conflicting views and the Court should not displace the ALJ's decision as to how she chose to evaluate that evidence.  While the ALJ certainly could have done more to discuss Dr. Robinson's treatment notes, "technical perfection" is not required.[48]

Finally, Plaintiff argues that her activities of daily living do not support the ALJ's conclusion that Dr. Robinson's opinion was unpersuasive.  This is simply incorrect.  Plaintiff's stated activities directly detract from the type of extreme limitations opined by Dr. Robinson. Plaintiff also attacks the ALJ's reliance on her ability to talk on the phone and watch television. While "the ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain,"[49] that is not what happened here.  Plaintiff's own testimony demonstrates more than minimal daily activity and the ALJ properly considered it in determining

---

[47] *Clifton*, 79 F.3d at 1009–10 ("[A]n ALJ is not required to discuss every piece of evidence.").

[48] *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

[49] *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993).

that Dr. Robinson's opinion was unpersuasive. In the end, Plaintiff essentially asks the Court to reweigh the evidence and substitute its judgment for that of the ALJ, which it cannot do.[50] The ALJ conducted the proper legal analysis and her findings are supported by substantial evidence.

## IV.  CONCLUSION

Having made a thorough review of the entire record, the Court hereby AFFIRMS the decision of the Commissioner.

DATED this 6th day of May, 2022.

BY THE COURT

PAUL KOHLER
United States Magistrate Judge

---

[50] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006)